UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1- 4:22-CR-00343-CDP |
| | ) | |
| TYREECE YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant Tyreece Young, represented by defense counsel Adam Fein, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Two of the Superseding Indictment, the government agrees to dismiss Count One of the Superseding Indictment at sentencing. The United States further agrees that no further federal prosecution will be brought in this District relative to the

1

defendant's possession of ammunition and a firearm on January 23-24, 2022, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to recommend a sentence within the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The Defendant further agrees to admit to having violated the conditions of his supervised release in Case No. 4:18-cr-211-CDP, and the parties agree to recommend that the sentence in this case run concurrently with any revocation sentence in Case No. 4:18-cr-211-CDP. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

## 3. ELEMENTS:

As to Count Two of the Superseding Indictment, the defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    **(i)**    The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    **(ii)**    The defendant, thereafter, knowingly possessed a firearm;

    **(iii)**    At the time the Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by more than one year; and

2

    **(iv)**    The firearm was transported across a state line at some point during or before the

           Defendant's possession of it.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would

prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be

considered as relevant conduct pursuant to Section 1B1.3:

On January 23, 2022, the Defendant, Tyreece Young, went to the home of his girlfriend in

St. Louis County, within the Eastern District of Missouri, where Young and his girlfriend were

involved in a verbal argument. During the argument, Young held a black pistol with an extended

magazine, which Young kept pointed down toward the ground. During the argument, Young went

out onto the front porch and exhibited the pistol. Young left his girlfriend's house, and police

responded. From the porch, Police recovered a fired projectile and a spent .40 S&W caliber shell

casing. Police also recovered an unfired .40 S&W caliber cartridge.

On January 24, 2022, police saw a car that Young was driving erratically in the City of St.

Louis, within the Eastern District of Missouri. Police tried to stop the car, but Young fled from

police in the car. While police were chasing the car driven by Young, he drove at a high rate of

speed and the wrong way down a one-way street. Young eventually got out of the car and ran

from the police in the 5800 block of Maffitt. Multiple officers saw Young running while carrying

a gun with an extended magazine. As officers closed in on Young, he dropped the gun that he was

carrying in a yard and tossed a bag that he was wearing. Police recovered the gun, which was a

Smith & Wesson .40 caliber pistol with a 20 round extended magazine. The bag contained

Young's Missouri driver's license and another magazine containing 12 rounds of .40 S&W ammunition.

The Smith & Wesson .40 caliber pistol was not manufactured in the State of Missouri, and, therefore, travelled in and affecting interstate commerce in order to have been physically present in Missouri on January 24, 2022. The Smith & Wesson .40 caliber pistol was designed to expel a projectile by the action of an explosive – and, as such, is a firearm under federal law.

A review of the Defendant's criminal history indicates that in 2019, the Defendant was convicted in United States District Court for the Eastern District of Missouri in Case No. 4:18-cr-211-CDP of being a Felon in Possession of a Firearm, which is a felony offense, and was sentenced to 24 months' imprisonment. The Defendant was aware that he had been previously convicted of a felony offense when he possessed a firearm on January 24, 2022.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for Count Two is imprisonment of not more than 10 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years.

Possibility of Enhanced Criminal Status: In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of fifteen (15) years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines

4

the foregoing statute applies to defendant's sentence.  However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

## 6.  U.S. SENTENCING GUIDELINES:  2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### a.  Chapter 2 Offense Conduct:

**(1)  Base Offense Level:**  The parties agree that the base offense level is found in Section 2K2.1 and depends on the nature of the firearm, the defendant's criminal history and other factors therein.

**(2)  Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

The parties agree that 4 level should be added pursuant to Section 2K2.1(b)(6)(B) because the Defendant possessed a firearm in connection with another felony offense – Unlawful Use of Weapons, in violation of RSMO 571.030 on January 23, 2022.

### b.  Chapter 3 Adjustments:

**(1)  Reckless Endangerment During Flight:**  The parties submit that two levels should be added pursuant to Sentencing Guidelines Section 3C1.2 because the Defendant recklessly created a substantial risk of death or serious bodily injury to another in the course of fleeing from a law enforcement officer.

**(2)  Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(3)   Other Adjustments:**   The parties agree that the following additional adjustments apply:  None.

**c.  Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is as found in Sentencing Guidelines § 2K2.1, as adjusted above, unless defendant is an Armed Career Criminal.   Depending on the underlying offense and defendant's criminal history, defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4.  If the Court finds defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not an Armed Career Criminal.

**d.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s). Defendant further waives his right to appeal his conviction on the basis that the indictment did not adequately allege the elements, including any requisite mens rea as to the Defendant's prohibited status, of the offense(s) for which the Defendant is pleading guilty.

**(2) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal

7

all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the

8

defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported

by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

_____
Date

_____
Donald S. Boyce #6282562IL
Assistant United States Attorney

_____
Date

_____
Tyreece Young
Defendant

_____
Date

_____
Adam Fein #52255MO
Attorney for Defendant

12